UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-74-R

FRANCES LYN WOLTMAN                                                                                   PLAINTIFF

v.

PEPSI MIDAMERICA CO., et al.                                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Kroger Limited Partnership I's ("Kroger") Motion for Summary Judgment (Docket #10). Plaintiff has filed a response (Docket #33) to which Kroger replied (Docket #34). This matter is now ripe for adjudication. For the reasons that follow, Kroger's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

On February 21, 2006, a Kroger employee notified Kimberly Ashley, co-manager of the Kroger located on the south side of Paducah, that a customer needed to speak with a member of management. Upon meeting Ashley, Plaintiff informed her that she was injured when a two-liter bottle of a Pepsi product was knocked from a shelf by a Pepsi employee. Ashley later learned that Steve Hammonds, merchandiser for Defendant Pepsi MidAmerica Company, was stocking the cola display when the alleged accident occurred.

Plaintiff testified at her deposition that she was in front of the Pepsi display when the Pepsi representative put a case of cans on the shelf directly in front of her. She further stated that the force with which the Pepsi representative placed the case on the shelf caused a two-liter of Mountain Dew to fall off the top shelf, striking her on her neck and left shoulder. Plaintiff stated that she felt pain in her neck and shoulder and some tingling and numbness in her left arm. Plaintiff indicated that

after the incident the Pepsi representative turned and walked away without saying a word.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150,

165 (6th Cir. 1993).

## DISCUSSION

**I.    BURDEN OF PROOF**

Kroger argues that Plaintiff has the burden of establishing the cause of her injury and establishing that Kroger caused the condition or that there was sufficient time for Kroger to learn of the situation. Plaintiff asserts that under *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003), Kroger has the burden of proving that it did not cause, or contribute to causing, the unsafe condition on the premises.

In *Lanier*, the Kentucky Supreme Court, in an opinion by Justice Cooper, addressed the burden of proof in "slip and fall" premises liability cases where the foreign substance on the premises was not brought about and/or caused by the proprietor. *Id.* at 434. Under *Lanier*, the business invitee has the initial burden of proving that:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Id.* at 435-36. Once the plaintiff/invitee establishes this initial burden, which creates a rebuttable presumption of negligence sufficient to avoid summary judgment, the burden shifts to the defendant/proprietor who must prove, by a greater weight of the evidence, the absence of negligence through the exercise of reasonable care. *Id.* at 435-37. Prior to *Lanier*, the plaintiff bore the burden of establishing that the proprietor or his employees either caused the foreign substance to be on the floor or, by the exercise of reasonable care, could have discovered it and either removed it or warned of its presence before the accident occurred. *Id.* at 433.

3

In *Bartley v. Educational Training Systems, Inc.*, 134 S.W.3d 612 (Ky. 2004), the Kentucky Supreme Court stated that although the particular facts of *Lanier* involved a self-service business, it recognized no constraint limiting *Lanier*'s burden shifting approach to self-service businesses. *Id.* at 616. The court did not address whether the approach should be limited to slip and fall cases. This Court must now address whether *Lanier*'s approach is so limited.

In *McNay v. Shell's Seafood, Restaurants, Inc.*, No. 2003-CA-001958-MR, 2005 WL 384547 (Ky. App. Feb. 18, 2005), the Kentucky Court of Appeals addressed the scope of the *Lanier* approach. In *McNay*, the plaintiff injured herself when she tripped over a sidewalk curb in a restaurant parking lot. *Id.* at *1. The plaintiff sued the restaurant alleging that the restaurant lighting was insufficient to illuminate the curb. *Id.* The plaintiff argued that the *Lanier* burden shifting approach applied to her case. *Id.* The court held that the burden of proof did not shift to the restaurant to prove the exercise of reasonable care, finding that the application of *Lanier* was limited to slip and fall cases brought by business invitees who have been injured as the result of slipping on a foreign substance.[1] *Id.* at *3. One year later, in *Brewster v. Colgate-Palmolive Co.*, No.2004-CA-002681-MR, 2006 Ky. App. LEXIS 214 (Ky. App. July 14, 2006), the Kentucky Court of Appeals had another opportunity to address the scope of *Lanier*. In *Brewster*, the plaintiff, an independent contractor, filed suit following his diagnosis of asbestosis. *Id.* at *3. The plaintiff, who had worked for numerous employers at various locations, did not know at what point he was exposed to asbestos. *Id.* The plaintiff, citing the *Bartley* case, argued that the *Lanier* burden shifting approach should apply. *Id.* at *9. The court disagreed, stating:

---

[1] The defendant restaurant stipulated that the plaintiff was an invitee. *McNay*, 2005 WL 384547, at *3.

> There is no precedent in Kentucky for expanding this new approach to cases involving asbestos-exposure by an employee of an independent contractor. If the approach is to be expanded to include cases such as this, we believe it is best left to the Kentucky Supreme Court to do so. Therefore, we agree with the circuit court that the new burden-shifting approach is not applicable under these circumstances.

*Id.* at *11.

This Court agrees with the decision of the Kentucky Court of Appeals in *McNay*; the application of *Lanier* is limited to slip and fall cases brought by business invitees who have been injured as the result of slipping on a foreign substance. *See McNay*, 2005 WL 384547, at *3. Although other courts may have extended this burden shifting approach further, this Court finds no precedent in Kentucky for expanding the approach beyond slip and fall cases. *Compare Pimentel v. Roundup Co.*, 649 P.2d 135, 139 (Wash. Ct. App. 1982) ("We find no logical reason to distinguish between slip-and-fall cases and falling merchandise cases in a self-service setting."). Therefore, this Court finds that Plaintiff bears the burden of establishing that Kroger or its employees either caused the unsafe condition on the premises or, by the exercise of reasonable care, could have discovered it and either removed it or warned of its presence before the accident occurred. *See Lanier*, 99 S.W.3d at 433.

## II.   ANALYSIS

Plaintiff alleges that she was in front of the Pepsi display when the Pepsi representative put a case of cans on the shelf directly in front of her with such force it caused a two-liter of Mountain Dew to fall off the top shelf, striking her on her neck and left shoulder. In her response brief, Plaintiff states that she knows of no evidence which would show that Kroger caused the bottle to fall on Plaintiff. Plaintiff also states that it is undisputed that Pepsi Mid-America was responsible for stocking and arranging Pepsi product on the Kroger shelves at the time of the incident.

Therefore, this Court finds that Plaintiff has failed to meet her burden of establishing that Kroger or its employees either caused the unsafe condition on the premises or, by the exercise of reasonable care, could have discovered it and either removed it or warned of its presence before the accident occurred.  *See Lanier*, 99 S.W.3d at 433.  Thus, Kroger is entitled to summary judgment.

The Court notes that even if it had applied the *Lanier* burden shifting approach Kroger would still be entitled to summary judgment.  Even after *Lanier*, although the plaintiff may meet his or her initial burden, the defendant may still succeed on a motion for summary judgment if the defendant can prove "that it exercised reasonable care in the maintenance of the premises under the circumstances." *Lanier*, 99 S.W.3d at 435; *see also Booth v. Wal-Mart Stores E., L.P.*, 244 Fed. Appx. 19, 22 (6th Cir. 2007).

> In amending the burden, Justice Cooper reasoned that:
>
> This middle ground preserves our adherence to the rule that a business is not an insurer of its patrons' safety and is not strictly liable for injuries suffered by a customer on its premises . . . [t]hus, we decline to abrogate the requirement of "negligence on the part of the business itself," but instead impose a rebuttable presumption that shifts the burden of proving the absence of negligence, i.e., the exercise of reasonable care, to the party who invited the injured customer to its business premises.  Our holding does not make the operator of a self-service grocery store an insurer against all accidents on the premises.  The proprietor is guilty of negligence only if he fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence.  We believe, however, that it is unrealistic to require the victim of a fall resulting from a dangerous condition in a self-service grocery store to present evidence of the absence of reasonable care by the storekeeper.  The steps the storekeeper took to discover the condition and to correct or warn of it are peculiarly within his own knowledge.

*Lanier*, 99 S.W.3d at 436-37.

Plaintiff admits that it is undisputed that Pepsi Mid-America was responsible for stocking and arranging Pepsi product on the shelves at Kroger at the time of the incident.  Plaintiff testified

that she was hit with the bottle immediately after the Pepsi representative placed a case of cans on the shelf directly in front of her, the force of which caused the bottle to fall. The evidence demonstrates that Kroger could not have discovered the dangerous condition prior to the accident. Thus, Kroger would be entitled to summary judgment under the *Lanier* approach. *See id.*

## CONCLUSION

For the foregoing reasons, Defendant Kroger's Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.